UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

**IRON WORKERS LOCAL 383 HEALTH FUND and
TIM DEMINTER (in his capacity as Trustee),**

    **Plaintiffs,**

v.                    Case No. 25-cv-657

**TRITON STEEL, LLC,**

    **Defendant.**
───────────────────────────────────────────────

**COMPLAINT**
───────────────────────────────────────────────

  **NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex J. Sterling and Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdiction and Venue

  1. Jurisdiction of this Court upon Defendant Triton Steel, LLC (hereinafter "Triton Steel") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Fund is administered in Dane County, Wisconsin.

**Parties**

3. Plaintiff Iron Workers Local 383 Health Fund (hereinafter the "Health Fund") is an employee benefit plan within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 2901 West Beltline Highway, Suite 100, Madison, Wisconsin 53713.

4. Plaintiff Tim Deminter is a trustee and a fiduciary of the Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Deminter maintains an office at 5501 Manufacturers Drive, Madison, Wisconsin 53704.

5. Triton Steel is a domestic limited liability company, organized under the laws of the State of Minnesota, engaged in business, with principal offices located at 5010 126th Street North, White Bear Lake, Minnesota 55110. Triton Steel does not currently have a registered agent for service. The company's manager is Jennifer Schnagl, 5010 126th Street North, White Bear Lake, Minnesota 55110.

## **Facts**

7. Triton Steel is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

8. For all times relevant, Triton Steel was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Iron Workers Local 383 Union (the "Union").

9. The Union represents, for purposes of collective bargaining, certain Triton Steel employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. § 151, et seq.).

10. The Labor Agreements described herein contain provisions whereby Triton Steel agreed to make timely payments to the Plaintiffs' trust fund for each employee covered by said Labor Agreements.

11. By execution of said Labor Agreements, Triton Steel adopted the trust agreements and amendments thereof which establish and govern the Fund and are necessary for its administration, and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

12. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust fund, Triton Steel has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiff Fund for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Fund pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the trustees in administering the Fund in accordance with the trust agreements and the rules so adopted;

    e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

13. Triton Steel has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

   a. failing to make continuing and prompt payments to the Fund as required by the Labor Agreements and trust agreements for all of Triton Steel's covered employees; and

   b. failing to accurately report employee work status to the Fund.

14. ERISA § 502(g)(2), as amended by the MPPAA, provides:

   (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

   (A) the unpaid contributions,

   (B) interest on the unpaid contributions,

   (C) an amount equal to the greater of --

      (i) interest on the unpaid contributions, or

      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

   (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

15. ERISA § 515 provides:

   Every employer who is obligated to make contributions to a

        multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

16. Despite demands that Defendant Triton Steel perform its statutory and contractual obligations, the Plaintiff Fund has ascertained that said Defendant has wholly failed, neglected, omitted, and refused to make those payments. Triton Steel is now indebted to the Plaintiff Fund as follows:

<u>Audited Period January 1, 2023 through October 31, 2023</u>:
Iron Workers Local 383 Health Fund                                                           $8,753.47

## **Claim One - Against Triton Steel LLC**
## **Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

17. As and for a first claim for relief against Triton Steel, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Due demand has been made by the Fund upon Triton Steel for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19. Because, as the Fund is informed and believes, Triton Steel has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Fund is reduced, the Fund's income is reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the

Fund's employee benefit plan have been violated, and the Fund is entitled to all of the remedies provided by ERISA.

20. Because Triton Steel has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Fund demands the following relief:

1. Judgment on behalf of the Fund and against Triton Steel:

    A. For $8,753.47 representing contributions, interest, and liquidated damages owed to the Fund for the audit period January 1, 2023 through October 31, 2023;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund for the period November 1, 2023, through the present;

    C. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 6th day of August, 2025.

/s/ Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
Christopher J. Ahrens (SBN: 1043237)
Attorney for Plaintiffs
THE PREVIANT LAW FIRM, S.C.
310 N. Wisconsin Avenue, Suite 100MW
Milwaukee, WI  53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email:  ajs@previant.com